UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>KIET DING NGO,<br><br>        Defendant. | CASE NO. CR99-176-MJP<br><br>PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE |

## INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on December 27, 2005. The United States was represented by Ron Friedman, and defendant was represented by Peter Mazzone. The proceedings were recorded on cassette tape.

## CONVICTION AND SENTENCE

Defendant had been convicted on or about October 14, 1999 on a charge of bank fraud. The Hon. Marsha J. Pechman of this court sentenced defendant to one month of imprisonment, followed by five years of supervised release.

PROPOSED FINDINGS - 1

## PRIOR VIOLATION AND REVOCATION

On December 18, 2003, the court revoked supervised release, finding that defendant had violated conditions by participating in the distribution of ecstasy. The court sentenced defendant to one year and one day of additional custody, followed by an additional period of 47 months of supervised release.

## PRESENTLY ALLEGED VIOLATIONS AND DEFENDANT'S ADMISSION OF CERTAIN OF THOSE VIOLATIONS

USPO Brian Rogers applied to the court on July 8, 2005, alleging that defendant violated the conditions of supervised release in two respects:

(1)   Failing to notify the probation officer at least ten days prior to a change in residence; and

(2)   Failing to report to the probation officer as directed on July 1, 2005.

The court issued a warrant for defendant's arrest. That warrant remained outstanding until defendant appeared in person at the probation office during the first week of November, 2005. On November 9, 2005, USPO Rogers requested the court to quash the warrant and issue a summons in its place; but indicated that the court should proceed with a determination as to whether to revoke supervise release for the two violations alleged in July. The court quashed the warrant and ordered the issuance of the summons, on November 10, 2005.

At the hearing December 27, 2005, I advised defendant as to his constitutional rights, the two pending charges, his right to an evidentiary hearing on those charges, and the maximum imprisonment which the court could impose if he were found to have violated conditions. Defendant admitted both of the alleged violations, with explanations summarized as follows. Defendant moved in July, but did not notify the probation office of his new address until September, as he did not have a definite new address until then. He did not appear in the probation office on July 1, 2005 because he did not

PROPOSED FINDINGS - 2

receive the written direction to do so, as it was mailed to his former address.  USPO Rogers accepted both of these accounts.  Defendant waived any further hearing as to whether these two violations occurred, and consented to having the matter set for a disposition hearing before Judge Pechman.

<u>RECOMMENDED FINDINGS AND CONCLUSIONS</u>

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release in the two respects summarized above and conduct a disposition hearing.  Defendant is to be advised, through his counsel and the probation office, of the date and time for that hearing.

Defendant has been released pending a final determination by the court.  Although he was not required to sign a bond, he was advised that all conditions of his supervised release remain in effect.

DATED this  27th  day of December, 2005.

s/ John L. Weinberg
United States Magistrate Judge

cc:    Sentencing Judge          :    Hon. Marsha J. Pechman
       Assistant U.S. Attorney   :    Ron Friedman
       Defense Attorney          :    Peter Mazzone
       U. S. Probation Officer   :    Brian H. Rogers

PROPOSED FINDINGS - 3